UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

EBONY HARRIS                              CIVIL ACTION

VERSUS                                    NO: 16-17697

WINN DIXIE STORE NO.                      SECTION: "J"(4)
1430, ET AL.

## ORDER & REASONS

Before the Court is Plaintiff Ebony Harris' ("Plaintiff")
*Motion to Remand* **(R. Doc. 7)**, Defendant Winn Dixie Montgomery,
LLC's ("Winn Dixie") opposition thereto (R. Doc. 9), and
Plaintiff's reply (R. Doc. 14). Having considered the motion and
legal memoranda, the record, and the applicable law, the Court
finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff filed the instant suit in Orleans Parish Civil
District Court in New Orleans, Louisiana. (R. Doc. 1-4.) Made
defendants were Winn Dixie Store #1430[1] and ABC Insurance Company.
*Id.* at 2. Plaintiff alleges that she was injured when she slipped
and fell in a puddle of water near the Winn Dixie store's
registers. *Id.* Plaintiff claims damages for an injured right leg,
an injury to her back, and any other injuries that may manifest

---

[1] Winn Dixie assert that the properly named Defendant in this matter is Winn
Dixie Montgomery, LLC. (R. Doc. 1 at 1.) Winn Dixie Montgomery, LLC also avers
that they are self-insured, thus making them the only Defendant to this matter.
*Id.* at 3.

1

prior to trial. *Id.* at 3. Plaintiff seeks compensation for past and future medical expenses, lost wages, and pain and suffering. *Id.* On December 22, 2016, Winn Dixie removed this case to federal court on the basis of diversity jurisdiction, claiming complete diversity of citizenship and an amount in controversy greater than $75,000. (R. Doc. 1 at 4.) On January 3, 2017, Plaintiff filed the instant motion to remand claiming that Winn Dixie has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. (R. Doc. 7.) In response, Winn Dixie argues that Plaintiff has not affirmatively renounced the right to accept a judgment in excess of $75,000, and thus the amount in controversy must exceed $75,000. *See* (R. Doc. 9.) Plaintiff's *Motion to Remand* is now before the Court on the briefs and without oral argument.

## LEGAL STANDARD

A defendant may remove to federal court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). The amount in controversy required by § 1332(a) is currently an amount in excess of $75,000. *Id.* The Court considers

2

the jurisdictional facts that support removal as of the time of removal. *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000). Because removal raises significant federalism concerns, any doubt about the propriety of removal must be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

When the petition is silent on the exact amount of claimed damages, the removing party bears the burden of proving "by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (citing *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)). The removing party can satisfy this burden either: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) by setting forth *the facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount." *Id.* (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.1995)). "Removal, however, cannot be based simply upon conclusory allegations." *Allen*, 63 F.3d at 1335.

If the removing party can establish by a preponderance of the evidence that the amount in controversy exceeds the requisite amount, "[t]he plaintiff can defeat diversity jurisdiction only by showing to a 'legal certainty' that the amount in controversy does

not exceed $75,000." *Grant*, 309 F.3d at 869 (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)). It is well settled that this is not a burden-shifting exercise; rather, the "plaintiff must make all information known at the time he files the complaint." *Id.* (quoting *De Aguilar*, 47 F.3d at 1412).

## DISCUSSION

The parties do not contest that their citizenship is completely diverse. Rather, the only issue before the Court is whether the amount in controversy exceeds $75,000. Plaintiff filed her complaint in Louisiana state court, and generally, Louisiana does not permit plaintiffs to plead a specific amount of money damages. *Hammel v. State Farm Fire & Cas. Co.*, No. 06-7470, 2007 WL 519280, at *1 (E.D. La. Feb. 14, 2007). Plaintiff merely alleges unspecific injuries to her right leg and back, and she seeks compensation for medical expenses, lost wages, and pain and suffering. (R. Doc. 1-4 at 3.) Consequently, it is not facially apparent from Plaintiff's petition that the claim likely exceeds $75,000. Thus, Winn Dixie must submit evidence and prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Grant*, 309 F.3d at 868; *De Aguilar*, 47 F. 3d at 1412. Winn Dixie has not submitted any evidence that Plaintiff's damages may exceed $75,000. Winn Dixie's Petition for Removal only argues that the amount in controversy exceeds $75,000 because Plaintiff has not agreed that it will remit or waive any judgment

in excess of $75,000.   (R. Doc. 1 at 3.) Winn Dixie did not submit

any additional summary-judgment-type evidence to support its

contention. *See Allen*, 63 F.3d at 1335-36 (noting that when

determining amount in controversy the court may consider the facts

in the removal petition and those set forth in an affidavit or

stipulation). Rather, Winn Dixie argues that because Plaintiff has

refused to remit or waive the excess of any judgment rendered in

state court above $75,000 that it has satisfied its burden of

proving that the amount in controversy exceeds $75,000. However,

a plaintiff must only affirmatively renounce the right to accept

a judgment in excess of $75,000 "for [her] pre-removal state court

pleadings and stipulations to bind [her]" to defeat removal after

the removing defendant proves by a preponderance of the evidence

that the amount in controversy exceeds $75,000. *See Hammel*, 2007

WL 519280, at *2 (noting that if the defendant meets its burden of

showing the requisite amount in controversy a plaintiff can defeat

removal by affirmatively renouncing the right to accept a judgment

in excess of $75,000). As explained, Winn Dixie has failed to

sustain its burden of proving that the requisite amount in

controversy is in excess of $75,000. Accordingly, this matter must

be remanded to Orleans Parish Civil District Court in New Orleans,

Louisiana.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's *Motion to Remand* **(R. Doc. 7)** is **GRANTED**. This matter is hereby **REMANDED** to Orleans Parish Civil District Court in New Orleans, Louisiana.

New Orleans, Louisiana this 8th day of February, 2017.


_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE

6